Dear Mr. Caswell:
You have requested an opinion of the Attorney General, in your capacity as legal counsel to the St. Landry Parish School Board ("Board"). Therein, you state that the Board is self-insured for its health insurance for all employees. You specifically ask if an employee is being paid worker's compensation benefits, can the Board require that employee to pay both the employee's and the employer's (i.e., the Board's) portion of the premium for health insurance during the period of time the employee is receiving said benefits. Under this scenario, the employee is not on a leave of absence without pay status.
It is the opinion of this office that, under the facts presented hereinabove, the Board would be responsible for the payment of the employer's portion of the insurance premiums. We find support for our position in R.S. 42:851(E) which provides, in pertinent part, the following:
 "E. Notwithstanding any provision of law or any rule or regulation to the contrary, the state of Louisiana shall continue to contribute its portion of the premium or charges due under this Section for which an employee is granted leave of absence without pay due to a service related injury or at the request of the agency for a period not to exceed twelve months."
As can be gleaned from the above, an employee who is on leave of absence without pay due to a service related injury is, nevertheless, entitled to the payment of the employer's portion of the premium by the Board. We find absolutely no authority for the Board to discontinue payment of its portion of the premium for an employee who is drawing worker's compensation benefits while not on leave of absence without pay.
You further state that for the past several years, the Board has only collected the employee portion of health insurance premiums for employees drawing worker's compensation, or, in the alternative, on leave without pay. The remainder of the premium (i.e., the employer's portion) was never funded by the Board and deposited into the health insurance trust fund. As a result, the fund is due over sixty thousand dollars. You ask whether the Board may use monies from their general fund to reimbursement the health insurance trust fund for said amount.
Since the Board was obligated to continue the payment of its portion of the premium for employees drawing worker's compensation benefits while not in a leave of absence without pay status, we are of the opinion that the Board may use general fund monies which have not been dedicated for any other specific purpose to reimburse the health insurance trust fund for the employer's portion of the premium payments. Further, since the Board is not obligated to pay the employer's portion of the premium for employees who have not suffered a service related injury, but are, nevertheless, on a leave without pay status, the Board need not reimburse the health insurance trust fund for said payments.
We have reviewed the opinions expressed herein with representatives of the State Employees Group Benefits Program and they have concurred therewith.
Trusting this answers your inquiries, I am
Very truly yours,
 RICHARD P. IEYOUB
Attorney General
 By: _____________________ ROBERT E. HARROUN, III
Assistant Attorney General